# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS TYMA, | ) |
| Petitioner, | ) Civil Action No. 17-15 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| DISTRICT ATTORNEY OF ALLEGHENY COUNTY and ATTORNEY GENERAL COMMONWEALTH OF PENNSYLVANIA, | ) Re: ECF No. 18 |
| Respondents. | ) |

## ORDER

Thomas Tyma ("Petitioner") has filed this counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), ECF No. 1, seeking to attack his state court convictions (and not merely his sentences) for multiple counts of Indecent Assault and Harassment. At the time of the filing of the Petition, it is undisputed that Petitioner was in custody for purposes of invoking this Court's federal habeas corpus jurisdiction. During the pendency of this Petition, Petitioner was released from all custody, having entirely completed all of his sentences, including his sentences of probation.

Respondents, apparently believing that the fact of Petitioner completing his sentences during the pendency of the Petition divests the Court of jurisdiction, recently filed a Motion to Dismiss, asserting this Court's lack of jurisdiction. ECF No. 18. The Court ordered Petitioner to file a Response to the Motion to Dismiss, if Petitioner so desired. ECF No. 19. Petitioner filed "Petitioner's Response to Respondent's Motion to Petition for Writ of Habeas Corpus" ("Petitioner's Response"). ECF No. 20. In Petitioner's Response, he argues that justice requires this Court to grant the Petition "nunc pro tunc." Id. ¶ 3. Petitioner does not seemingly contest Respondents' argument concerning jurisdiction.

Respondents' Motion to Dismiss is properly denied because the fact that a prisoner is released from all custody during the pendency of the petition, (which challenges the validity of his convictions), does not divest the federal habeas court of jurisdiction over the petition. Gosa v. Mayden, 413 U.S. 665, 678 (1973) ("Gosa has since been released. Inasmuch as the District Court possessed federal habeas jurisdiction when Gosa's application was filed, that jurisdiction was not defeated by his release prior to the completion of proceedings on the application.") (citing Carafas v. LaVallee, 391 U.S. 234, 238—240 (1968)); 39 C.J.S. Habeas Corpus § 285 ("Once the court has acquired jurisdiction in a habeas corpus proceeding, such jurisdiction continues until the court has performed all acts necessary to grant all relief as is indicated in its jurisdictional power. Even the release of the prisoner from custody prior to completion of proceedings on the application, or transfer of custody to another person or place, will not divest the court of jurisdiction.") (footnotes omitted).

Furthermore, although Respondents do not explicitly raise the issue of mootness, Petitioner's release from all custody does not render the Petition moot. Where a Petitioner is challenging the validity of his convictions and, not merely his sentences, release from custody or termination of the sentences does not render the petition moot because we presume that the convictions cause ongoing harm (referred to by the courts as "collateral consequences") which prevents the petition from becoming moot. Strother v. Nardolillo, 583 F. Supp. 2d 645, 648 (E.D. Pa. Oct. 14, 2008) ("Collateral consequences are presumed in cases where the petitioner is challenging a wrongful conviction. This is because the 'disabilities or burdens' deriving from criminal conviction, such as the loss of the right to vote, the right to serve on a jury, or the right to hold certain offices, clearly present a continuing injury to the wrongfully convicted.").

AND NOW, this 27th day of December 2019, it is hereby **ORDERED** that, for the reasons set forth herein, Respondents' Motion to Dismiss, ECF No. 18, is **DENIED**.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATE MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF